IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN ERIC CARR,**

      **Petitioner,**

  **v.**                              **CIVIL ACTION NO. 5:06cv61**
                                           **(Judge Stamp)**

**JOYCE FRANCIS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 15, 2006 the *pro se* petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. §2241. On June 6, 2006, the undersigned made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the respondent was directed to show cause why the petition should not be granted. On July 5, 2006, the respondent filed his response. On August 1, 2006, the petitioner filed a reply to the response.

### II. THE PLEADINGS

### A. THE PETITION

In his petition, the petitioner raises two grounds for relief. First he alleges a violation of his Fifth and Sixth Amendment rights by claiming that his sentence, which was imposed under the sentencing guidelines, is now invalid, illegal and unlawful. Second, he alleges that his sentence violates the double jeopardy clause. More specifically, he alleges that his term of supervised release establishes two different types of punishment for one charged conduct. As relief, the petitioner seeks to be re-sentenced.

1

**B. THE RESPONSE**

The respondent contends that the petitioner has filed a § 2255 motion masquerading as a § 2241 motion and has not established a right to proceed under § 2241. Furthermore, the respondent argues that even if the petitioner were permitted to proceed under § 2241, he would not be entitled to the relief he seeks.

**C. PETITIONER'S REPLY**

In his reply, the petitioner asserts that the decision in United States v. Booker, 543 U.S. 220 (2005) invalidates his sentence, thus requiring that he be re-sentenced.

**III. FACTUAL BACKGROUND**

The petitioner was charged in the United States District Court for the District of Columbia with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). Following a seven day jury trial, he was found guilty of all five counts. On February 7, 2003, he was sentenced to 240 months on counts 1-4, to run concurrently and 22 months on count 5, to run consecutively to counts 1 through 4. The petitioner appealed his conviction and sentence. On July 13, 2004, the U.S. Court of Appeals for the District of Columbia affirmed the conviction and sentence. Thereafter, the petitioner filed a motion pursuant to 28 U.S.C. § 2255. In the motion, he argued that (1) his sentence of 262 months of imprisonment should be set aside because he was deprived of his Sixth Amendment right to the effective assistance of appellate counsel; (2) his sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 92005); and (3) he received ineffective assistance of counsel at his trial. On February 21, 2006, the United States District Court for the District of Columbia entered an order denying his § 2255 motion.

**IV. ANALYSIS**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a

federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type pf detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

3

> cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's §2241 petition which demonstrates that he meets the Jones requirements.[1] Consequently, the petitioner has not demonstrated that §2255 is an adequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, even if the petitioner could establish that he is entitled to file a § 2241, he would still not be entitled to any relief. The substance of petitioner's claim is that he is entitled to be re-sentenced based upon the holdings in Blakely v. Washington, supra and United States v. Booker, supra. Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000),[2] holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by a jury. In Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

---

[1] As previously noted, the petitioner was convicted of five counts of bank robbery in violation of 18 U.S.C § 2113(a). Such conduct continues to be a criminal act.

[2] The decision in Apprendi, establishes that "[0]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[3] Because the petitioner's conviction became final prior to the issuance of the Booker decision on January 12, 2005,[4] the petitioner is not entitled to have said decision applied retroactively to his sentence.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested. The Clerk of the Court is further

---

[3] The Fourth Circuit Court's decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeals that have considered the issue.

[4] Where, as here, the petitioner does not file a timely certiorai petition after disposition of his direct appeal, the conviction becomes file on the date the time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Accordingly, the petitioner's conviction became final on, or about, December 21, 2004.

directed to provide a copy to counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 30, 2007

                                                   /s/ James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE