IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN ERIC CARR,

    Petitioner,

v.                                      Civil Action No. 5:06CV61
                                                      (STAMP)

JOYCE FRANCIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On May 15, 2006, Brian Eric Carr, an inmate at the Gilmer Federal Correctional Institution in Glenville, West Virginia, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. By order entered on June 6, 2006, the magistrate judge directed the warden, as respondent, to show cause why the writ should not be granted. The warden filed a response on July 5, 2006, to which the petitioner replied on August 1, 2006.

On July 30, 2007, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

dismissed with prejudice because the petitioner had failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy and that, therefore, the petitioner's § 2241 petition was improperly filed. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Upon a motion by the petitioner for an extension of time in which to file objections, this Court entered an order directing the petitioner to file objections on or before September 13, 2007. No objections were filed.

II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. On February 7, 2003, the petitioner was sentenced in the United States District Court for the District of Columbia to 262 months of imprisonment after a jury convicted him on five counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The petitioner appealed, and the United States Court of Appeals for the District of Columbia upheld both the conviction and the sentence on July 13, 2004. Subsequently, the petitioner filed

a motion pursuant to 28 U.S.C. § 2255.  Between the time the petitioner directly appealed his conviction and sentence and the time he filed his first § 2255 motion, the substantive law governing bank robbery did not change in such a way as to decriminalize the conduct for which the petitioner was convicted. Therefore, the petitioner does not establish that § 2255 provides an inadequate or ineffective remedy, and his § 2241 petition is improperly filed.

Even if the petitioner's § 2241 petition were properly before this Court, he still would not be entitled to any relief.  As noted by the magistrate judge, the petitioner's claim that he is entitled to re-sentencing pursuant to United States v. Booker, 543 U.S. 220 (2005), is unavailing.  Under the law of the Fourth Circuit, Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).  Because the petitioner's conviction became final before the United States Supreme Court decided Booker, he is ineligible for relief under § 2241.

As stated above, the petitioner has not satisfied the Jones test and has, therefore, failed to demonstrate a right to proceed under § 2241.  Additionally, even if he had demonstrated such a right, the Fourth Circuit's holding that Booker does not retroactively apply to cases on collateral review precludes the petitioner from obtaining relief pursuant to § 2241.  Morris, 429

4

F.3d 65.  Accordingly, because the petitioner's § 2241 petition must be denied.

### III. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, petitioner's motion for re-sentencing pursuant to 28 U.S.C. § 2241 is DENIED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 17, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE